UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GREGORY J. JEANLOUIS (#121703)**           CIVIL ACTION

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                NO. 08-0021-FJP-CN

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, March 4, 2010.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**GREGORY J. JEANLOUIS (#121703)**               **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**                    **NO. 08-0021-FJP-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the motion of certain appearing defendants for summary judgment, rec.doc.no. 29. This motion is opposed.

The pro se plaintiff, an inmate currently confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against numerous state (and some federal) officials, complaining that the defendants have violated his constitutional rights in many respects. The plaintiff characterizes his claims as concerning, "denial of medical care, retaliation, racial discrimination, discrimination against a prisoner/person (qualified) with disabilities, excessive use of force, permanent disfigurement (injury), denial of access to court(s), denial religious practice and programs/services, in violation of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and confinement in segregation in violation of the (due process clause) of the Fifth and Fourteenth Amendment to the Constitution ... and the tort of assault and battery, medical malpractice and negligence ...." See plaintiff's original Complaint at p. 4. The original Complaint is very long and rambling, comprising more than 240 pages and naming more than 75 defendants, many of whom have not been served and have not appeared in

this proceeding.[1]  The Complaint begins with an incident allegedly occurring on January 6, 2007, at Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana (where the plaintiff was then confined), on which date the plaintiff was allegedly involved in a fight with a co-inmate and during which fight he allegedly suffered a bite wound to his left arm.  The Complaint then proceeds through an almost daily recitation of events occurring between January 6 and December 28, 2007, providing a detailed account of virtually every encounter between the plaintiff and prison employees at both EHCC and LSP, and a detailed recitation of virtually every item of mail sent or received by him, naming as defendants in this proceeding most of these employees as well as persons named in the items of mail.  The plaintiff's recitation of events includes alleged incidences of confiscation of his legal and personal property, denial of medical treatment, wrongful disciplinary charges and punishment, interference with his legal and personal mail, wrongful transfer to LSP, improper classification to extended lockdown at LSP, wrongful denial of various administrative grievances and administrative appeals, excessive force, discriminatory treatment, retaliation, and obstruction of his access to the courts.  Pursuant to prior Magistrate Judge's Report in this case, approved by the District Judge on July 15, 2009, <u>see</u> rec.doc.nos. 47 and 60, the plaintiff's claims against Clerk of Court Doug Welborn, the State of Louisiana, the "LSP ARP Office", the "LSP Disciplinary Appeal Office" and the "LSP Mailroom" have been dismissed.

   The moving defendants now assert, relying upon the pleadings, a Statement of Undisputed Facts, and certified copies of the plaintiff's

---

   [1]   The plaintiff has not provided the identities of unnamed "John Doe" and "Jane Doe" defendants.  Accordingly, these parties will be disregarded and will not be considered as defendants to this proceeding.

administrative remedy proceedings, that the plaintiff has failed to exhaust administrative remedies relative to the claims asserted against them. Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In accordance with 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to commencement of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions. Further, a prisoner must exhaust his administrative remedies by complying with all applicable rules and regulations governing the grievance process. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004). In other words, not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with all prison deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

<u>Claims Asserted Against Appearing Defendants Employed at LSP</u>

With regard to the plaintiff's claims asserted against the moving defendants who are allegedly employed at LSP,[2] he referred specifically in the "Exhaustion" section of his Complaint to two (2) ARPs commenced at that institution on or about March 20 and April 20, 2007. A review of the

---

[2] The appearing defendants employed at the Louisiana State Penitentiary are Burl Cain, Darrell Vannoy, Howard Prince, Shirley Coody, John Calvert, Bruce Dodd, Shar Huffman, Mia Tran, Trish Foster, Clayton Williams, Reginald Ladmirault, Kathy Calvert, John Jacobs, Amy Sterling, Gary Midkiff, Sheryl Ranatza, and Randall Robertson.

administrative record relative to these ARPs, which were apparently assigned ARP Nos. LSP-2007-1060 and LSP-2007-1394, respectively, reflects that these ARPs were rejected upon initial screening as containing "multiple claims" in contravention of prison rules relative to the administrative remedy procedure. Accordingly, it appears clear that the plaintiff failed to exhaust administrative remedies relative to his claims asserted against the moving officials employed at LSP in these specific ARPs.

Based solely upon the foregoing, it appears that the motion for summary judgment of the moving LSP defendants should be granted and that the plaintiff's claims asserted against these defendants should be dismissed pursuant to 42 U.S.C. § 1997e. Notwithstanding, and because of the far-reaching and voluminous nature of the plaintiff's allegations, and also because of his numerous references to other grievances filed at the respective prisons, the Court has sought to ascertain the identities of other administrative grievances and disciplinary appeals commenced by the plaintiff and referred to at various times in his pleadings. In addition, the Court has directed the defendants to provide copies of same to the Court and has directed the defendants to address their relevance to the instant lawsuit. See rec.doc.nos. 48 and 66. Now, upon a review of the supplemental administrative grievances filed by the defendants, together with the defendants' written memoranda, the Court concludes that these grievances did not serve to exhaust administrative remedies relative to any of the plaintiff's claims asserted in this proceeding against the moving LSP defendants. To the contrary, and addressing the individual

grievances produced by the defendants,[3] it appears that two of these ARPs (Nos. LSP-2004-1191 and LSP-2008-1198) were not commenced and/or concluded until <u>after</u> the date of filing of the plaintiff's Complaint and so were not administratively exhausted at the time of filing of the Complaint as mandated by 42 U.S.C. § 1997e.  <u>See</u> <u>Wendell v. Asher</u>, 162 F.3d 887 (5th Cir. 1998), <u>overruled by implication on other grounds</u>, <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  Three additional ARPs were rejected for procedural reasons, <u>i.e.</u>, No. LSP-04-0974 (not final because the plaintiff failed to proceed to the second step of the two-step grievance process), and Nos. LSP-04-1188 and LSP-2007-2909 (not final because rejected upon initial screening as containing multiple claims), and so were never fully and effectively exhausted through the administrative process.  Further, two of the referenced ARPs relate to events and persons not named in the Complaint and so are not relevant to the instant lawsuit, <u>i.e.</u>, ARP No. LSP-2004-0975, complaining of the alleged failure of LSP personnel (not named as defendants herein) to provide him with mental health assistance for five days in March, 2004, and ARP No. LSP-04-0976, complaining of the actions of un-named security officers in allowing inmates to pick up store sheets instead of security

---

[3] Although the plaintiff has referred to certain disciplinary appeals which he has pursued in response to disciplinary action taken against him by prison officials, the Court has not individually addressed these appeals because a disciplinary appeal is not generally the appropriate vehicle for asserting and exhausting claims such as those raised by the plaintiff in this proceeding.  Rather, a disciplinary appeal is limited in its scope to a review of pertinent disciplinary charges, disciplinary proceedings and disciplinary sentences at issue therein, and the claims asserted by the plaintiff in this proceeding are more properly, and effectively, asserted in "administrative remedy proceedings" (ARPs).  <u>Cf.</u>, <u>Richardson v. Spurlock</u>, 260 F.3d 495 (5th Cir. 2001)(dismissing claim for failure to exhaust because the plaintiff incorrectly filed an administrative appeal instead of a disciplinary appeal where his claim involved an allegedly false disciplinary report, and prison regulations explicitly stated that a prisoner "must" file a disciplinary appeal in this situation.).

officers.  And one of these ARPs, No. LSP-2001-3688, relates to events preceding by more than five (5) years the events complained of in the plaintiff's Complaint and so is also not relevant to this lawsuit (not to mention that the claims alleged therein would be time-barred by the applicable one-year limitations period).  In short, there are no administrative grievances filed by the plaintiff at LSP which were either properly exhausted against the appearing LSP defendants at the time the plaintiff filed the instant lawsuit or which address the claims asserted herein.  Accordingly, it appears clear that the plaintiff has failed to exhaust administrative remedies relative to the claims asserted against the moving LSP defendants.  The motion for summary judgment of these defendant, therefore, rec.doc.no. 29, should be granted, dismissing the plaintiff's claims against these defendants, without prejudice.

<u>Claims Asserted Against Appearing Defendants Employed at EHCC</u>

Turning to the plaintiff's claims asserted against the moving defendants allegedly employed at EHCC,[4] it appears that the defendants' motion is also well-taken.[5]  In his Complaint, in the section entitled "Exhaustion of Legal Remedies", Complaint at p. 201, the plaintiff referred specifically, relative to claims asserted against EHCC personnel,

---

[4] The appearing defendants employed at Elayn Hunt Correctional Center are Cornell Hubert, Tom Desporte, Stephanie Michel, Raymond McNiel, Charlene Haydel, Ken August and Wanda Mathews.

[5] The plaintiff suggests that the defendants have waived the exhaustion defense because they did not assert the defense until more than a year after commencement of the instant lawsuit.  The record reflects, however, that the defendants were not served until, at the earliest, late October, 2008, whereupon they sought and obtained two (2) court-ordered extensions of time within which to make an appearance in this proceeding.  <u>See</u> rec.doc.nos. 21 and 25.  On February 24, 2009, the defendants filed the instant motion for summary judgment, which motion constituted their initial appearance in this case, and in which motion their exhaustion defense was asserted.  On this record, the defendants have not waived the defense of exhaustion.

to ARP No. EHCC-2007-0470, which he commenced by mailing an administrative grievance to EHCC on or about April 5, 2007. A review of the administrative record relative to this ARP reflects, however, that this ARP was "rejected" by prison officials upon initial screening as containing multiple claims in violation of prison rules relative to the administrative remedy procedure. Accordingly, the plaintiff's claims asserted in this ARP were never properly finalized through the administrative procedure and so were not exhausted within the meaning of 42 U.S.C. § 1997e.

In addition, upon a review of the supplemental administrative grievances filed by the defendants, together with the defendants' written memoranda addressing same, the Court concludes that these additional grievances also failed to exhaust administrative remedies relative to the plaintiff's claims asserted against the moving EHCC defendants in this proceeding. To the contrary, and addressing the individual grievances produced by the defendants, it appears that two of the referenced ARPs relate to events and persons not named in the Complaint and so are not relevant to the instant lawsuit, i.e., ARP No. EHCC-2005-0717, complaining of the actions of a social worker, Sarosa Clark (not named as a defendant herein) in transferring the plaintiff to another cell in February, 2005, resulting in the confiscation and destruction of the plaintiff's perishable food items, and ARP No. EHCC-2006-1591, complaining of a disciplinary report issued in August, 2006, by Sgt. C. Hasten (not named as a defendant herein) and the resulting implementation of an EHCC policy calling for destruction of perishable food items for inmates placed in administrative segregation. And as to the remaining ARPs, Nos. EHCC-06-1763 and EHCC-07-0170 (and arguably ARP No. EHCC-06-1635, which is an uncompleted duplicate of ARP No. EHCC-07-0170), none of these ARPs make

reference to any of the moving EHCC defendants or relate to events occurring at EHCC on or after January 6, 2007, which is the date upon which the plaintiff's recitation of events begins in his Complaint. Accordingly, it appears clear that the plaintiff has failed to exhaust administrative remedies relative to the claims asserted in these ARPs against the moving EHCC defendants, and the motion for summary judgment, rec.doc.no. 29, should be granted with respect to these defendants.

<u>Claims Asserted Against As-Yet Unserved Defendants</u>[6]

Turning to the plaintiff's claims asserted against the remaining defendants in this case, who have not been served and so have not appeared in this proceeding or participated in the instant motion, the Court concludes, first, that with regard to defendants allegedly employed at LSP, inasmuch as exhaustion of administrative remedies appears clear on the face of the record, these claims should be dismissed.  Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), the Courts have held, where it is apparent from the face of the record that an inmate has failed to exhaust prison grievance procedures, that a dismissal <u>sua sponte</u> is appropriate for failure of the plaintiff to state a claim upon which

---

[6] Defendants named in this proceeding who have not yet been servied and/or who have not appeared in this proceeding are former Governor Kathleen Blanco, Richard Stalder, James LeBlanc, James Bueche, Connie Moore, Dr. Caldwell, Dr. Prejean, Unknown Wachespack, Lora Rodriguez, Unknown White, Unknown Stewart, Unknown Crump, Unknown Ferguson, Unknown Drew, Unknown Escue, Unknown Dykes, Unknown lanchney, Unknown Duporte, Unknown Butler, Unknown Benjamin, Unknown Stagg, Dr. William Cassidy, Dr. Singh, Dr. Piddy, Dr. Sylvester, Dr. Roundtree, Unknown Barr, Susan Byargeron, Unknown Quiet, Delilah Delee, Dr. Reinbow, Kristy Johnson, Unknown Thompson, Unknown Barbara, Unknown McKay, Unknown McGee, Melina Meiner, D. Major, Unknown McKey, Charles Darbonne, Unknown Sharp, Eddie R. Pendorie, Christina Honeycutt, Unknown Simmons, Unknown Griffen, "John" Shaw, "John" Dwayne, Mary Bail, John Howard, Danny Williams and United States Clerk of Court Nick Lorio.

relief may be granted.  See Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D.D.C. 2007).  See also Clifford v. Louisiana, 2008 WL 2754737 (M.D. La. July 7, 2008).  Further, inasmuch as it is clear in the record, as above-related, that there are no ARPs whatever filed at LSP which were properly exhausted at the time of filing of the Complaint and which also address the claims asserted in this proceeding, it would be an extreme waste of judicial resources, involving a substantial expenditure of time and effort on the part of the United States Marshal's Office, to undertake to effect service upon the unserved LSP defendants in this case, many of whom have not been sufficiently identified or are no longer employed by the State of Louisiana, merely to address exhaustion of administrative remedies as to them.  Accordingly, on the clear record before the Court, it is appropriate for the Court to address the plaintiff's clear failure to exhaust administrative remedies relative to the unserved LSP defendants.  To this end, inasmuch as the record clearly reflects that there are no ARPs filed in the record or identified by the parties which were both properly exhausted at the time the plaintiff filed suit herein and which also assert claims against LSP employees who are named as defendants herein and are also alleged to have been involved in conduct complained of in the plaintiff's Complaint, there is no basis for allowing the plaintiff's claims against these defendants to proceed.

Turning to the plaintiff's claims asserted against unserved defendants employed at EHCC, the analysis is the same (with the exception of two unserved EHCC employees, Danny Williams and Mary Bail, who will be addressed below).  As to these defendants and as to events allegedly occurring at EHCC, the plaintiff's Complaint begins with events occurring at EHCC on January 6, 2007, and ends a mere sixteen days later on January 22, 2007, with the plaintiff's transfer from EHCC to LSP.  None of the

properly exhausted ARPs filed at EHCC, however, address any events occurring during this 16-day period or even name any persons remaining as unserved defendants in this proceeding (other than defendants Danny Williams and Mary Bail, see infra).  Accordingly, it appears clear from the record that the plaintiff's claims asserted against these unserved EHCC employees have not been administratively exhausted and are subject to dismissal for this reason.

Turning to defendants Danny Williams and Mary Bail, these EHCC employees are identified as the Medical Director and a nurse at EHCC, respectively, and are specifically named in both the Complaint and in exhausted ARPs Nos. EHCC-06-1763 and EHCC-07-0170 (and arguably ARP No. EHCC-06-1635, which is a duplicate of ARP No. EHCC-07-0170).  Accordingly, these defendants may arguably be seen to be related to claims asserted in this proceeding because the referenced ARPs complain generally of medical care provided to the plaintiff by these defendants at EHCC. Notwithstanding, the Court finds that these ARPs are nonetheless not in fact related to any claims made in the Complaint because the ARPs themselves specifically refer only to events occurring in November and December, 2006, or before, prior to commencement of the recitation of events contained in the plaintiff's Complaint.  Further, the Court finds that the only claim which is in fact arguably stated against these defendants in the Complaint is that the defendants retaliated against the plaintiff on November 29, 2006, by discontinuing the plaintiff's Hepatitis C medication in response to the plaintiff having filed administrative grievances against EHCC personnel.[7]  And this claim is not properly before

---

[7]   In his Complaint, at p. 46, the plaintiff alleges that, "[o]n November 29, 2007 [sic] - in the course of approx six (6) weeks into receiving the life-saving Hepatitis C Treatment - was abruptly discontinued by the EHCC medical personnels for non-medical reasons -

the Court.  In a prior proceeding filed in this Court by the plaintiff, <u>Gregory Jeanlouis v. Richard Stalder, et al.</u>, Civil Action No. 07-0113-FJP-SCR, the plaintiff asserted this identical claim of retaliation against defendant Danny Williams, and the Court concluded definitively that this retaliation claim was not exhausted in the referenced ARPs. This determination was upheld on appeal in that case and so is final and conclusive of the issue in this case.  For this reason, the plaintiff's claim asserted against defendants Williams and Bail is also subject to dismissal for failure to exhaust administrative remedies.

Finally, turning to the plaintiff's claims asserted against unserved persons not directly employed at either LSP or EHCC, this Court is authorized to dismiss an action or claim brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted.  <u>Cf.</u>, <u>Green v. McKaskle</u>, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis action or claim is properly dismissed as frivolous if the action or claim lacks an arguable basis either in fact or in law.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), <u>citing</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed.  <u>Green v. McKaskle</u>, <u>supra</u>.  <u>See also</u> 28 U.S.C. § 1915A.

Applying this standard in the instant case, the Court concludes that the plaintiff's claims asserted against remaining unserved defendants are frivolous as a matter of law.  First, the plaintiff has named former Governor Kathleen Blanco, former Secretary Richard Stalder and current Secretary James LeBlanc as defendants herein, but he has made no

---

plaintiff availing the ARP system on November 21, 2006, challenging one of the institution/Department 'unconstitutional' policy ...."

allegations of personal involvement by these defendants in the events complained of.  To be liable under § 1983, a person must either be personally involved in conduct causing the alleged deprivation of a constitutional right, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983).  Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  In the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  Lozano v. Smith, supra.

The Court finds that the plaintiff has failed to state a cause of action against defendants Blanco, Stalder and LeBlanc.  Specifically, he has failed to allege that these defendants had any personal involvement in the events complained of in his Complaint.  In addition, although he complains generally of the defendants' failure to properly handle or respond to his administrative grievances, and of their rejection of same, the law is clear that an inmate is not constitutionally entitled to an investigation or to a favorable response to his administrative claims.  Further, there is no procedural due process right inherent in such a claim.  As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing

> his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction.  As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

(Emphasis in original).  Accordingly, the plaintiff's claims regarding the alleged failure of these defendants to properly investigate or take action in response to his administrative grievances is without legal foundation and must be dismissed.

The plaintiff also complains of alleged wrongful disciplinary action taken against him by various defendants, of the failure of defendants to provide him with due process during resulting disciplinary proceedings, and of wrongful punishment issued against him.  In this regard, however, the law is clear under § 1983 that allegations that an inmate plaintiff has been reported or punished for conduct which he did not commit do not amount to a denial of due process unless the punishment imposed upon the inmate amounts to an atypical, significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate.  Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  In the instant case, there is nothing in the plaintiff's allegations which suggest that any atypical or significant punishment was imposed upon the plaintiff so as to meet this standard.  Accordingly, there can be no claim relative to the defendants as to these claims.

The plaintiff has also named the "United States Post Office at Angola" and Clerk of Court Nick Lorio (of the United States District Court for the Middle District of Louisiana) as defendants in this proceeding.[8]

---

[8] As previously noted, although the plaintiff has purportedly included unidentified "John Doe" and "Jane Doe" employees of the Postal Service and the Clerk of Court's Office as defendants herein, the Court does not interpret the Complaint as including defendants who have not been properly identified.

Pursuant to 28 U.S.C. § 1915(e), First, although a plaintiff may assert a claim against a federal employee accused of violating his federal constitutional rights, see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), a Bivens claim is available only against individual federal employees in their individual capacities and is not available against the United States or an agency thereof. See F.D.I.C. v. Meyer, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Accordingly, the plaintiff has no cause of action against the United States Postal Service, as an agency of the United States. See, e.g., McSmith v. U.S., 2006 WL 3366151 (E.D. La., Nov. 20, 2006). See also Smith v. U.S. Main Post Office, 2008 WL 5435564 (N.D. Tex., Dec. 31, 2008). And with regard to Clerk of Court Nick Lorio, not only does the plaintiff fail to allege personal participation by this defendant in any of the events alleged, Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983), but the Clerk of Court is clothed with absolute or qualified immunity for his actions in performing the duties of his office. See Leroy v. White, 2008 WL 906296 (E.D. La., April 2, 2008). The plaintiff has failed to allege any facts which would support an abrogation of this immunity relative to defendant Lorio. Accordingly, the Court concludes that the plaintiff claims asserted against this defendant is frivolous as a matter of law and should be dismissed.

As a final matter, the plaintiff also seeks to invoke the supplemental jurisdiction of this court. District courts, however, may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, inasmuch as the Court

recommends dismissal of the plaintiff's federal claims, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the defendants' motion for summary judgment, rec.doc.no. 29, be granted, dismissing the plaintiff's claims against the moving defendants, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to his refiling the same claim in forma pauperis.[9] It is further recommended that the plaintiff's claims asserted against the remaining state-employed defendants be similarly dismissed for failure to exhaust administrative remedies (again with prejudice to refiling in forma pauperis) and/or as legally frivolous within the meaning of 28 U.S.C. § 1915, and that the plaintiff's claims asserted against the

---

[9] See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).

United States Postal Service and United States Middle District Clerk of Court Nick Lorio be dismissed, with prejudice, as legally frivolous. Finally, it is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, March 4, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**